**Application of Edwin George Edward HAWKINS.**

**Patent Appeal No. 9099.**

United States Court of Customs and Patent Appeals.

Aug. 23, 1973.

Jacobs & Jacobs, New York City, attorneys of record, for appellant. Albert L. Jacobs, Jr., New York City, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Washington, D. C., of counsel.

Before, MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, sustaining the examiner's rejection of Claims 1, 4–10, 12, 14–19 and 25, all of the claims in appellant's application.[1]

1. Serial No. 664,594, filed August 11, 1967.

This appeal is a companion to In re Hawkins, Cust. & Pat.App. 486 F.2d 569 (1973), decided concurrently herewith.

## The Invention

All save one of the claims are directed to processes for the production of certain derivatives of alkane-a, w-dioic acids, made by the decomposition of peroxy-amines, such as the peroxy-amines of In re Hawkins, *supra*. The remaining claim recites one of those derivatives. Claim 1 is sufficiently representative:

1. A process for the production of a derivative of an alkane-a, w-dioic acid having nitrogen bound to the w-carbon atom which comprises heating a compound of the formula

or

wherein $R_1$ to $R_{60}$ are lower alkyl of 1 to 10 carbon atoms or hydrogen in the vapor phase at a temperature of from about 300° C. to about 1000° C.

## Opinion

The similarity between the present case and *Hawkins, supra,* will be apparent from a consideration of the board's summary of the prosecution history of the present application:

The application as originally filed twice referred to five British applications for the starting materials. By preliminary amendment (Amendment A, Paper No. 5, filed March 4, 1968), appellant inserted at the two points where the five British applications were mentioned a cross-reference to U.S. application Serial No. 651,969, stated to correspond to said British applications. Thereafter all cross-references were cancelled and an insertion of approximately 37 pages was made in the specification (Amendment B, Paper No. 7, filed December 12, 1969). This last amendment was accompanied by an affidavit or counsel for appellant averring that the inserted material corresponds to the disclosure of the five British applications originally cross-referenced.

As in *Hawkins,* the rejection of the present claims is under 35 U.S.C. § 112 as based on an inadequate original disclosure, and under 35 U.S.C. § 132 is based on new matter. In the present case, the rejection is based on an alleged lack of sufficient disclosure of how to make the necessary starting materials.

This case thus presents no new issue as compared with *Hawkins, supra.* In that case we held that the Commissioner, in accordance with his duty to insure a complete public disclosure, may require that material which is incorporated by reference in an application, be inserted into the application. We also held, however, that assuming that the specification is sufficient after that cross-reference material has been inserted, the statute is satisfied. Here the board conceded that the disclosures in the British applications referred to are "technological teachings meeting the statutory requirement." We agree, and therefore find that the specification as it now stands satisfies the requirements of 112, and that the insertion of the material cross-referenced is not new matter within the meaning of 35 U.S.C. § 132. Accordingly, the decision of the board must be reversed.

Reversed.